UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

    Petitioner

v.                                                    Civil Action No. 2:11-00351

**TIMOTHY KEARNS**

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending is the United States' petition for summary enforcement of an administrative subpoena duces tecum, filed May 18, 2011.

I.

Respondent is the President, Director of Operations, and Director of Maintenance for Albatross Air, Inc. ("Albatross Air"). Albatross Air was the operator of an aircraft that crashed on September 18, 2010. The United States asserts that a preliminary investigation revealed that the aircraft may not have been in an airworthy condition on that date. It further asserts that maintenance may have been performed on the aircraft by an individual who was unqualified for that task.

On April 1, 2011, the Office of Regional Counsel for the Federal Aviation Administration ("FAA") issued an administrative subpoena to respondent.  The United States asserts that the subpoena was necessary in order to obtain the respondent's deposition testimony and to review his aviation-related records for purposes of adequately probing all circumstances surrounding the maintenance performed on, and the operations of, the aircraft leading up to the crash.  Respondent did not comply with the subpoena.

The United States' petition sought the issuance of an order to show cause requiring respondent to appear and demonstrate why the administrative subpoena should not be enforced.  On May 23, 2011, the court so ordered.  Respondent was directed, no later than June 13, 2011, to respond in writing to the petition.  The United States was required to serve a copy of the order to show cause upon respondent's counsel no later than May 26, 2011.  On May 24, 2011, counsel for the United States discharged that obligation, having electronically filed the notice of service, along with substitute service by facsimile and by certified United States Mail, return receipt requested.  Respondent has not shown cause as directed.

## II.

Respecting the court's authority to enforce, 49 U.S.C. § 46104(b) provides pertinently as follows:

> If a person disobeys a subpena, the Secretary [of Transportation] . . . [or] the [FAA] Administrator . . . may petition a court of the United States to enforce the subpena. . . .

49 U.S.C. § 46104(b). The court's inquiry into the underlying circumstances is a limited one. <u>Solis v. The Food Employers Labor Relations Ass'n</u>, No. 10-1687, 2011 WL 1663597, at *3 (4th Cir. May 4, 2011)("Recognizing that Congress delegated enforcement mechanisms to agency discretion, this court has emphasized that the district court's role in a proceeding to enforce an administrative subpoena is 'sharply limited.'") (quoting <u>EEOC v. City of Norfolk Police Dept.</u>, 45 F.3d 80, 82 (4th Cir. 1995) (internal quotation marks omitted)). The recent decision in <u>Solis</u> summarized the necessary analysis:

> To enforce an administrative subpoena, the district court need only find that (1) the agency is authorized to make such an investigation; (2) the agency has complied with statutory requirements of due process; and (3) the materials requested are relevant. If the agency can make such a showing, "the court must enforce the subpoena unless the party being investigated demonstrates that the subpoena is unduly burdensome."

<u>Solis</u>, No. 10-1687, 2011 WL 1663597, at *3 (citations omitted).

Respecting the FAA's authority to investigate, section 46101(a)(2) authorizes the Secretary of Transportation or the FAA Administrator to "conduct an investigation, if a reasonable ground appears . . . for the investigation, about . . . a person violating this part or a requirement prescribed under this part; or . . . any question that may arise under this part."  Id. Section 46104(a) provides additional detail respecting investigative tools at the disposal of the Secretary or the Administrator:

> [T]he Secretary . . . or the Administrator . . . may . . . subpena witnesses and records related to a matter involved in the hearing or investigation from any place in the United States to the designated place of the hearing or investigation; . . . [and] receive evidence at a place in the United States the Secretary, Under Secretary, or Administrator designates.

Id. Section 46104(c) additionally provides as follows:

> In a proceeding or investigation, the Secretary . . . or Administrator may order a person to give testimony by deposition and to produce records. If a person fails to be deposed or to produce records, the order may be enforced in the same way a subpena may be enforced under subsection (b) of this section.

Id.

First, the foregoing statutes authorize the current FAA investigation.  Second, there is no indication that the FAA has failed to abide by the statutory requirements of due process.  Third, the materials sought appear to have relevance to the

investigation.  As noted, respondent has not appeared to assert otherwise.  Consequently, there has also been no showing that the subpoena is unduly burdensome.[1]

Based upon the foregoing discussion, it is ORDERED as follows:

1. That, respondent be, and he hereby is, directed to appear for his deposition at the Flight Standards District Office of the FAA located in Charleston, West Virginia, on a date and at a time to be determined by the FAA, and then produce at that same time the records requested by the April 1, 2011, administrative subpoena; and

2. That the United States, be, and it hereby is, directed to serve a copy of this memorandum opinion and order upon respondent's counsel no later than June 21, 2011.

---

[1] Given his failure to appear, the court also does not have occasion to address respondent's invocation of his Fifth Amendment privilege, which was asserted by his counsel when they visited the FAA's offices following issuance of the subpoena. The court does not at this time pass on either the availability, or the extent, of that privilege under these circumstances.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: June 14, 2011

John T. Copenhaver, Jr.
United States District Judge